FILED

MAY 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JERRY TRAHAN,

          Plaintiff - Appellee,

  v.

U.S. BANK NATIONAL
ASSOCIATION,

          Defendant - Appellant.

No. 10-15665

D.C. No. 3:09-cv-03111-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

     Defendant-Appellant U.S. Bank National Association (U.S. Bank) appeals

the district court's order remanding this case to state court. As the facts and

procedural history are familiar to the parties, we recite them here only as necessary

to explain our decision.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S. Bank removed this case to federal court on the basis of diversity under 28 U.S.C. § 1332(a) and § 1332(d) (the Class Action Fairness Act, or CAFA). Plaintiff-Appellee Jerry Trahan (Trahan) subsequently moved to remand. The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006) (per curiam). The district court granted Trahan's motion, and U.S. Bank appealed pursuant to 28 U.S.C. § 1453(c).[1] We affirm.

There is no dispute that the parties are diverse; the only question before us is the amount in controversy. U.S. Bank argued in connection with its opposition to Trahan's motion to remand that the class's claims are worth $6,491,652.38, of which $2,412,331.35 are alleged punitive damages. Similarly, U.S. Bank argued that Trahan's individual claims are worth $76,691.48, of which $23,174.49 are alleged punitive damages. Simple subtraction reveals that the amount in controversy requirement is not satisfied under either § 1332(a) or § 1332(d) without sufficient punitive damages.

A district court need not consider punitive damages in determining the amount in controversy when such damages are unavailable as a matter of state law. *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir.

---

[1] We granted U.S. Bank permission to appeal on March 29, 2010.

1963).  Here, Trahan's wage and hour claims are inherently tied to employment contracts Trahan and the class had with U.S. Bank.  Such claims cannot support punitive damages under California law.  *Brewer v. Premier Golf Props.*, 86 Cal. Rptr. 3d 225, 235 (Ct. App. 2008), *review denied* Mar. 18, 2009; Cal. Civ. Code § 3294(a).  Trahan stipulated at oral argument that in light of these authorities, despite what is currently alleged in his complaint, he cannot, and will not attempt to, collect punitive damages or pursue a conversion claim in this case.  Once the claim for punitive damages and conversion were withdrawn by Trahan, for himself and the class, U.S. Bank conceded its inability to show that the jurisdictional threshold is satisfied.  The district court's order remanding this case to Alameda County Superior Court is **AFFIRMED**.